

FILED
MAY 29 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>GARY L. RICHARDSON,<br><br>        Debtor(s). | Case No. 05-36428-C-7<br><br>Adversary No. 08-2104 |
| LANI KITOWSKI,<br><br>        Plaintiff(s),<br><br>v.<br><br>GARY LEE RICHARDSON, DENNIS COWAN, JOHN ROBERTS, AND TRI-COUNTIES BANK,<br><br>        Defendant(s). | |

**STATUS CONFERENCE MEMORANDUM**

This adversary proceeding was filed by Lani Kitowski, representing herself against her former spouse, Gary L. Richardson, and others. The initial pleading was difficult to understand, which led this court to order a more definite statement before acting on the motions to dismiss made by various putative defendants, including Dennis Cowan, John Roberts, and Tri-Counties Bank.

Case 08-02104   Filed 05/29/08   Doc 24

At the status conference held on May 27, 2008, chapter 7 trustee John Roberts, Tri-Counties Bank, and Dennis Cowan renewed their requests to be dismissed as parties because the complaint, construed generously in favor of the self-represented plaintiff, does not state a cause of action against them. The court agrees and will order the dismissal of those parties.

There was a predecessor adversary proceeding by Ms. Kitowski, No. 06-2085-C-7, that was tried on August 8, 2007, before the Honorable David E. Russell, at which Ms. Kitowski was represented by counsel. A copy of the judgment in that adversary proceeding is attached hereto, which judgment the court has interlineated to substitute the names of the parties for purposes of clarity. The dispute that was at issue in the prior adversary proceeding related to income tax liabilities and responsibility for payment of debt on certain property in Redding, California, as to which Tri-Counties Bank had a lien.

The judgment was filed on September 17, 2007, and entered on docket on September 18, 2007. It was approved as to form by the counsel who represented Ms. Kitkowski in that adversary proceeding. The judgment was not appealed and is now final.

In the present adversary proceeding, as the court understands Ms. Kitkowski's oral explanation of what she is trying to do, she emphasizes that her focus is on support obligations owed by the debtor and defendant Gary L. Richardson attributable to a multi-year period before the bankruptcy case was filed. It appears that the plaintiff believes that the debtor is attempting to treat support obligations established by the state court as having been discharged in bankruptcy. Counsel

for Mr. Richardson conceded on the record that support obligations are not discharged by virtue of 11 U.S.C. § 523(a)(5), regardless of whether the bankruptcy case was filed before or after October 16, 2005.

Support obligations are determined by the state court of appropriate jurisdiction, which, in this instance, is the Shasta County (California) Superior Court. The prior adversary proceeding did not, and was not required to, adjudicate obligations under § 523(a)(5). There is no limitation period for filing a § 523(a)(5) action.

Accordingly, a judgment will be entered (the controlling point of law having been conceded in favor of Ms. Kitkowski) clarifying that no obligation of Gary L. Richardson for alimony, maintenance, or support of Ms. Kitkowski and their child, as determined by the Shasta County (California) Superior Court in Case No. 149117, has been discharged in bankruptcy. It is up to the state court to determine what amounts, if any, have not been paid.

There is no reason, under the procedural circumstances of this adversary proceeding, for this court to hold further hearings preliminary to entering judgment. As this court understands the complaint and the concession by counsel for Gary L. Richardson, there is nothing to dispute. Accordingly, judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), incorporated by Federal Rule of Bankruptcy Procedure 7012, is warranted.

An appropriate judgment will issue.

Dated:   May 29, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE

```
                                                            FILED
4 pages
                                                         SEP 17 2007

                                                    UNITED STATES BANKRUPTCY COURT
                                                    EASTERN DISTRICT OF CALIFORNIA
```

1  4 pages
2  LAW OFFICE OF DENNIS K. COWAN
   Dennis K. Cowan, Esq. - CA Bar No. 036325
3  280 Hemsted Drive, Ste. B
   P.O. Box 992090
4  Redding CA 96099
   Telephone: (530) 221-7300
5  Fax: (530) 221-7389
   Email: dcowan@dcowanlaw.com
6  Attorney for debtor/defendant

7              UNITED STATES BANKRUPTCY COURT

8              EASTERN DISTRICT OF CALIFORNIA

9  In re                                Case No. 05-36428-C-7

10 GARY L. RICHARDSON.

11                    Debtor
                                    /
12
13 LANI KITOWSKI,                       Adv. No. 06-02085-C

14                    Plaintiff        Date: Trial Date August 8, 2007
                                       Time: 10:00a.m.
15 vs.                                  Judge: Hon. David E. Russell
                                       Dept.: C, Ctrm 32, 6th Floor
16 GARY L. RICHARDSON,                        501 I St., Sacramento, CA

17                    Defendant        JUDGMENT AFTER TRIAL OF
                                       COMPLAINT TO DETERMINE
18                                 /    DISCHARGEABILITY OF DEBT

19      The trial of this complaint was heard at the time and place above in conjunction with the
                            ("Richardson")                  ("Kitkowski")
20 Objection of Gary L. Richardson to the claim of Lani Kitkowski, Claim No. 4, filed February 6,

21 2006, as amended by Claim No. 18 filed June 19, 2006. Darryll Alvey, Esq. appeared as

22 attorney for Lani Kitkowski, plaintiff, and Dennis K. Cowan, Esq. appeared as attorney for Gary

23 L. Richardson, defendant. Evidence and arguments were presented by both parties and the matter

24 submitted for decision. Findings of fact and conclusions of law having been stated on the record,

25 Judgment is entered as follows:
                     Richardson's
26      1.  ~~Defendant's~~ obligation to be responsible for the 2002 and 2003 income taxes of



46

1  the parties as shown on their 2002 and 2003 tax returns, as set forth in paragraphs 6 and 7 on

2  page five of the Judgment of Dissolution filed on August 9, 2005, Shasta County Superior Court

3  Case No 149117 is not discharged as to ~~the plaintiff~~ *Kitkowski* to the extent that she is required to pay such

4  taxes and related tax penalties and interest from any source, including the proceeds of the sale of

5  the residence at 21972 Robbie Lane, Redding, California awarded to ~~plaintiff~~ *Kitkowski* in that Judgment of

6  Dissolution. Nothing in this Judgment, however, precludes the ~~defendant~~ *Richardson* from attempting to

7  compromise the taxes owed, and ~~plaintiff~~ *Kitkowski* is ordered to cooperate with ~~defendant~~ *Richardson* and his tax

8  advisors and to join with ~~defendant~~ *Richardson* in the signing and prosecution of any offers in compromise of

9  the taxes, interest and penalties. ~~Defendant~~ *Richardson*'s obligation to reimburse ~~plaintiff~~ *Kitkowski* for any such taxes,

10 penalties or interest that she pays shall not be enforceable by ~~plaintiff~~ *Kitkowski*, however, unless she does

11 fully and without delay or reservation cooperate with ~~defendant~~ *Richardson* and his tax advisors and joins

12 with ~~defendant~~ *Richardson* in the signing and prosecution of any offers in compromise of the taxes, interest

13 and penalties.

14     2.    ~~Defendant~~ *Richardson*'s obligation to pay the Tri Counties Bank home equity loan secured by

15 a second-priority deed of trust encumbering the real property at 21972 Robbie Lane, Redding,

16 California as set forth in paragraph 6(p) on page 5 of the Judgment of Dissolution filed on

17 August 9, 2005, Shasta County Superior Court Case No 149117 is not discharged as to the

18 ~~plaintiff~~ *Kitkowski* but that nondischargeability is limited as follows:

19     (a) .   ~~Defendant~~ *Richardson* will pay $280.00 per month to ~~the plaintiff~~ *Kitkowski* to reimburse her for

20 a portion of the monthly installments due on that Tri Counties Bank line of credit commencing

21 with the first payment due after entry of this Judgment.

22     (b)    If ~~plaintiff~~ *Kitkowski* sells the real property at 21972 Robbie Lane, Redding,

23 California and has to pay any proceeds of that sale to Tri Counties Bank on account of its secured

24 loan referred to herein, then ~~defendant~~ *Richardson* will be obligated to reimburse to ~~plaintiff~~ *Kitkowski* the amount so

25 paid but not more than a total of $30,000.00, less the installment payments of $280.00 per month

26 referred to in the preceding subparagraph (a) which have by then been actually paid.

1  (c)  ~~Defendant's~~ Richardson's obligation to reimburse or pay plaintiff for the Tri Counties

2  Bank obligation will be immediately terminated and discharged if as to any payments coming due

3  after entry of this Judgment (1) ~~plaintiff~~ Kitkowski is more than 60 days delinquent in the payment of any

4  obligation owed under the First Horizon Home Loan note or deed of trust securing that note

5  encumbering the real property at 21972 Robbie Lane, Redding, California coming due after the

6  entry of this Judgment; (2) ~~plaintiff~~ Kitkowski is more than 60 days delinquent in the payment of any

7  obligation (exceeding the $280.00 per month which defendant is to pay) owed under the Tri

8  Counties Bank note or deed of trust securing that note encumbering the real property at 21972

9  Robbie Lane, Redding, California coming due after the entry of this Judgment; (3) ~~plaintiff~~ Kitkowski is

10 more than 60 days delinquent in the payment of any real property taxes secured by that real

11 property coming due after the entry of this Judgment; (4) ~~plaintiff~~ Kitkowski is more than 60 days

12 delinquent in the payment of any insurance premiums for insurance related to that real property

13 coming due after entry of this Judgment; or (5) that real property is sold at a foreclosure sale.

14 Subsequent cure by ~~plaintiff~~ Kitkowski of any such delinquency referred to above which is more than 60

15 days past due after entry of this Judgment will not reinstate the obligations of defendant related to

16 the Tri Counties Bank debt as nondischargeable in this case.

17  (d)  ~~Plaintiff~~ Kitkowski will also sign and return to defendant within 10 days after

18 defendant transmits to her any document or documents for her signature to authorize the holders

19 of any of the obligations secured by trust deeds encumbering that real property or insurance

20 companies insuring that real property to provide to defendant and also to his attorneys any

21 information or documents related to the loans or policies, as though defendant were an obligor

22 under the note, an owner of the real property, or an insured under any such insurance policy,

23 including but not limited to the amount and status of any payment due from plaintiff.

24 ~~Defendant's~~ Richardson's obligation to reimburse or pay plaintiff for the Tri Counties Bank obligation will be

25 immediately terminated and discharged if plaintiff fails to carry out this requirement.

26  3.  No duty was imposed on ~~the defendant~~ Richardson by the Judgment of Dissolution referred to

- 3 -

1 | above to reimburse ~~plaintiff~~ Kitkowski for any payment that she would make on account of the lien in favor

2 | of Michael Cogan encumbering the real property at 21972 Robbie Lane, Redding, California

3 | referred to on pages 1, 3 and 6 of that Judgment of Dissolution, and nothing in this Judgment in

4 | this adversary proceeding shall imply that any assertion of the existence of such duty of

5 | ~~defendant~~ Richardson is not discharged in this case.

7 | Dated: 09 - 17, 2007

Hon David E. Russell, Bankruptcy Judge

APPROVED AS TO FORM AND CONTENT:

11 | Dated: Sept. 10, 2007

Darryll Alvey, Attorney for Plaintiff

13 | Dated: September 10, 2007

Dennis K. Cowan, Attorney for Defendant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

>Office of the U.S. Trustee
>501 I St #7-500
>Sacramento, CA 95814

DATED:

9/18/07

By: _____
Deputy Clerk   Catherine Guyer

EDC 3-070 (New 4/21/00)

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Lani Susan Kitkowski
21972 Robbie Ln
Redding, CA 96003

Dennis K. Cowan
PO Box 992090
Redding, CA 96099-2090

John R. Roberts
2744 Coloma St
Placerville, CA 95667

Douglas B. Jacobs
20 Independence Cir
Chico, CA 95973

Dated: 5/30/08

_____
DEPUTY CLERK